# Third District Court of Appeal
## State of Florida

Opinion filed August 2, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0690
Lower Tribunal No. 20-25266
_____

**Seth Frohlich, et al.,**
Petitioners,

vs.

**National Concrete Preservation, Inc., et al.,**
Respondents.

A Case of Original Jurisdiction – Prohibition.

Hamilton, Miller, & Birthisel, LLP, and William H. Edwards, and Michael J. Dono, for petitioners.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., Steve I. Silverman, Lauren S. Fallick, and Becky N. Saka, for respondents Mirador 1000 Condominium Association, Inc., and Mirador 1200 Condominium Association, Inc.

Before LOGUE, C.J., and MILLER, and BOKOR, JJ.

PER CURIAM.

Petitioners seek a writ of prohibition to disqualify the assigned trial judge from further presiding over their dispute involving respondents. Relying upon established precedent, we conclude the comments outlined in the disqualification motion filed below were sufficient to support a well-founded fear of bias. See Hollywood Park Apartments W., LLC v. City of Hollywood, 353 So. 3d 662, 663 (Fla. 4th DCA 2023) ("Most significantly, however, the trial judge threatened the party with criminal investigation several times. That alone would cause a party to fear that the trial judge was biased against it, and the party could not receive a fair trial."); Copiers Int'l Corp. v. All Am. Bus. Sys., Inc., 825 So. 2d 438, 438 (Fla. 3d DCA 2002) ("The judge's remarks as to why plaintiff had not referred [petitioner] to the state attorney's office for criminal prosecution based on the complaint's allegations, and the judge's direction that plaintiff conduct discovery to determine such criminal liability, provide a well-founded fear that [petitioner] would not be afforded a fair trial."); see also In re Est. of Elliott, 993 P.2d 474, 482 (Colo. 2000) (directing disqualification after judge stated to party "you are going to be in an awful lot of trouble with the District Attorney's office if we don't get this matter straightened up"). Accordingly, we grant the petition. We withhold formal issuance of the writ, as we are confident the trial judge will promptly issue an order of disqualification.

Petition granted.  Writ withheld.